**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1974
_____

ANTONIO THOMAS,
                                        Appellant

v.

DAVID VARANO, Superintendent; RODNEY COMPAION, Medical Doctor;
MIGUEL SOLOMAN, Medical Doctor; STANLEY STANDISH, Medical Doctor;
BRIAN DAVIS, Physician's Asst.; KATHRYN MCCARTY, CHCA;
CHRISTOPER YACKIEL, RN Supervisor; MARY HENSLER, RN Supervisor;
MELISSA DIRIENO, RN; ELLEN HILL, RN; JILL WHIPPLE, Correctional Officer;
W.C. REITZ, Correctional Officer; J.F. DELBAUGH; SHERI MUMMY, RN;
PHYSICIAN'S HEALTH SERVICES, INC.; CORRECTIONS OFFICER JANE DOE
#1; MUHAMMED IKRAM, a/k/a Ikram Muhammed
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:10-cv-02249)
District Judge:  Honorable William J. Nealon, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 11, 2013

Before: AMBRO, HARDIMAN and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 4, 2013 )

_____

OPINION
_____

PER CURIAM

Antonio Thomas, proceeding pro se, appeals from the District Court's dismissal of his prisoner civil rights complaint. For the reasons that follow, we will affirm in part, vacate in part, and remand for further proceedings.

**I.**

Because we write primarily for the parties, we discuss the background of this case only to the extent needed to resolve this appeal. Thomas is a Pennsylvania state prisoner incarcerated at the State Correctional Institution in Coal Township, Pennsylvania ("SCI-Coal Township"). In October 2010, he commenced this action by filing a complaint in the District Court pursuant to 42 U.S.C. § 1983. He amended that complaint a few months later. The 39-page amended complaint named seventeen defendants — eleven Department of Corrections officials from SCI-Coal Township (hereinafter "the DOC defendants"), a psychiatrist employed by SCI-Coal Township as an independent contractor (Dr. Muhammad Ikram), Prison Health Services, Inc. ("PHS"), and four PHS health care professionals who provided health care services to inmates at SCI-Coal Township (PHS and PHS health care professionals hereinafter collectively referred to as "the PHS defendants").[1] Thomas's allegations, which raised a host of constitutional

_____

[1] The correct spellings of some of the defendants' names differ from the spellings provided by Thomas and listed in the case caption. Additionally, Thomas and the case caption refer to defendant PHS as "Physician's Health Services, Inc."

challenges, as well as state law and other federal claims, centered around the diagnostic services and subsequent treatment he received for his prostate cancer.

Defendants ultimately moved to dismiss the amended complaint for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). On January 3, 2012, the District Court dismissed the claims against Dr. Ikram. On March 12, 2012, the court dismissed the claims against the DOC defendants and denied Thomas's request for appointment of counsel. Lastly, on March 26, 2012, the court dismissed the claims against the PHS defendants and closed the case. In each instance, the court (1) concluded that Thomas's federal causes of action failed to state a claim under Rule 12(b)(6), and (2) declined to exercise supplemental jurisdiction over Thomas's state law claims.

Shortly after the District Court entered its March 26, 2012 order, Thomas moved to alter or amend that decision pursuant to Federal Rule of Civil Procedure 59(e). He also filed the instant appeal. On June 27, 2012, the District Court denied the Rule 59(e) motion. Since that time, this appeal has been fully brief and is now ripe for disposition.

## II.

We begin our analysis by outlining the scope of our review. Thomas challenges the District Court's orders from March 12, 2012, March 26, 2012, and June 27, 2012, respectively.[2] We have jurisdiction over those first two orders. See 28 U.S.C. § 1291; Polonski v. Trump Taj Mahal Assocs., 137 F.3d 139, 144 (3d Cir. 1998) ("This court will

_____

[2] Thomas does not challenge the District Court's January 3, 2012 order.

3

exercise appellate jurisdiction over orders that are not specified in the notice of appeal where: (1) there is a connection between the specified and unspecified orders; (2) the intention to appeal the unspecified order is apparent; and (3) the opposing party is not prejudiced and has a full opportunity to brief the issues."). Our jurisdiction does not, however, extend to the June 27, 2012 order because Thomas did not file a second notice of appeal or amend his original notice to include a challenge to that order. See Fed. R. App. P. 4(a)(4)(B)(ii); United States v. McGlory, 202 F.3d 664, 668 (3d Cir. 2000) (en banc).

In considering the two orders that are properly before us, we exercise plenary review over the District Court's dismissal of Thomas's claims under Rule 12(b)(6). See Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). We review the District Court's denial of Thomas's request for appointment of counsel for abuse of discretion. See Tabron v. Grace, 6 F.3d 147, 155 n.4 (3d Cir. 1993).

## III.

As a pro se litigant, Thomas is entitled to liberal construction of his amended complaint. See Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 265 (3d Cir. 2011). To survive dismissal under Rule 12(b)(6), an amended complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that

4

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In reviewing a district court's dismissal for failure to state a claim, "we must accept all factual allegations as true, construe the [amended] complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the [amended] complaint, the plaintiff may be entitled to relief." Fleisher, 679 F.3d at 120 (internal quotation marks and citation omitted).

Having carefully reviewed Thomas's amended complaint and considered the parties' arguments, we agree with the District Court that most of the many allegations in his amended complaint fall short of stating a facially plausible federal claim.[3] At the same time, however, we conclude, for the reasons detailed below, that two of his claims — each of which raises an Eighth Amendment challenge — *do* state a plausible claim and are entitled to proceed.

---

[3] We generally subscribe to the District Court's analysis of this subset of allegations. Although the District Court misapplied the test for evaluating Thomas's First Amendment retaliation allegations by examining the second prong of that test under a subjective, not an objective, standard, see Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (explaining that second prong is met where the adverse action suffered by the plaintiff "was sufficient to deter *a person of ordinary firmness* from exercising his constitutional rights") (emphasis added) (quotation marks and citation omitted), we have independently considered those allegations and conclude that they fail to state a viable retaliation claim. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam) (explaining that we "may affirm the District Court's judgment on any basis supported by the record"). To the extent Thomas's opening brief includes claims that were not presented to the District Court, those claims are not properly before us. See Del. Nation v. Pennsylvania, 446 F.3d 410, 416 (3d Cir. 2006) ("Absent exceptional circumstances, this Court will not consider issues raised for the first time on appeal.").

"[T]he Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). A prisoner claiming that this right has been violated must show that prison officials were deliberately indifferent to his serious medical needs. See Estelle, 429 U.S. at 104. The seriousness of Thomas's condition is not disputed in this case. Deliberate indifference is established where a prison official knew of and disregarded an excessive risk to the prisoner's health. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). We have found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Rouse, 182 F.3d at 197. On the other hand, "claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" Id.

A.     Allegations against Kathryn McCarty, CHCA

One of Thomas's claims that is entitled to go forward was brought against Kathryn McCarty, SCI-Coal Township's Corrections Health Care Administrator. According to Thomas, on November 1, 2008, Geisinger Medical Center faxed a copy of his biopsy results to McCarty. Those results confirmed that he had prostate cancer. After receiving this report, McCarty waited approximately 17 days before scheduling Thomas to meet

6

with a physician named Dr. Weisner (who is not named as a defendant here) to discuss Thomas's treatment plan. Thomas claimed that, had it not been for this delay, he "would have had the benefit of temporary relief [from] the substantial pain caused by prostate cancer." (Am. Compl. ¶ 54.)

In rejecting these (and other) allegations, the District Court concluded that

> any of the alleged delays attributed to the [DOC] Defendants [(including McCarty)] pale in comparison to [Thomas's] self[-]inflicted delays. There are also no allegations set forth in the Amended Complaint which could support a determination that any of the dilatory conduct attributed to the Commonwealth Defendants aggravated his condition or otherwise caused him harm.

(Dist. Ct. Mem. entered Mar. 12, 2012, at 21.) The District Court is correct that Thomas's own allegations reveal that he himself was responsible for many delays in the diagnosis of his cancer. But the District Court did not specify what legal significance it attributed to those self-imposed delays, and we cannot say, as a matter of law, that they prevent Thomas from showing that McCarty acted deliberately indifferent during the alleged 17-day period. Furthermore, the court's conclusion that Thomas was not harmed by any alleged dilatory conduct overlooks his allegation that McCarty's inaction delayed his ability to obtain relief from the adverse effects of his cancer. Liberally construing the allegations in the light most favorable to Thomas, we conclude that he has stated a viable Eighth Amendment claim against McCarty.[4]

---

[4] The DOC defendants note in their brief that November 18, 2008, may have been the

### B. Allegations against Dr. Stanley Stanish

The other claim that is entitled to go forward was brought against Dr. Stanley Stanish, a PHS physician who treated Thomas after he was diagnosed with cancer. Thomas claimed that, in December 2009, Dr. Stanish accused him of "cheeking" his pain medication. In light of that accusation, Thomas took a urine test that showed that he was, in fact, taking his pain medication as prescribed. Despite that test result, Dr. Stanish, "who did not get along very well with [Thomas]," prescribed Thomas a weaker pain medication "for no valid reason and/or as a form of punishment." (Am. Compl. ¶ 82.) This weaker prescription, issued "at a time when [Thomas] was obviously experiencing substantial pain," "exacerbated [Thomas's] condition." (Id.)

The District Court concluded, without more, that Thomas's allegations against Dr. Stanish were insufficient because they "clearly sound in negligence." (Dist. Ct. Mem. entered Mar. 26, 2012, at 12.) We disagree. Liberally construing the allegations in the light most favorable to Thomas, he effectively claims that (1) Dr. Stanish was aware of the substantial pain that he was experiencing due to his cancer, and (2) Dr. Stanish intentionally prescribed a weaker pain medication to punish him. These allegations rise

---

earliest date that Dr. Weisner was available to meet with Thomas. Although discovery may ultimately reveal this statement to be true, at this point it is mere speculation and has no bearing on our Rule 12(b)(6) analysis. Nor are we persuaded by the DOC defendants' argument that all of Thomas's claims arising after October 25, 2008, are unexhausted. The DOC defendants made only a vague, cursory reference to this affirmative defense in their motion to dismiss, the District Court did not address the issue, and the issue's resolution is not plain from the face of Thomas's amended complaint.

8

above mere negligence and state a viable claim of deliberate indifference under the Eighth Amendment.

## IV.

In light of the above, we will vacate the District Court's March 12, 2012 and March 26, 2012 orders to the extent they dismissed the two claims discussed here.[5] Because the District Court's decision declining to exercise supplemental jurisdiction over Thomas's state law claims turned on its blanket dismissal of his federal claims, we will also vacate those two orders to the extent they dismissed his state law claims.[6] Finally, we will affirm the District Court's dismissal of Thomas's remaining claims. The matter will be remanded for further proceedings.

We close by briefly addressing the issue of appointment of counsel.[7] In its March 12, 2012 order, the District Court declined to appoint Thomas counsel, stating that, "[d]espite his illness, [he] has continued to demonstrate a reasonable ability to litigate this

---

[5] To the extent Thomas seeks money damages against McCarty in her official capacity, our vacatur does not revive that portion of his claim because, as the District Court explained, that portion is barred by the Eleventh Amendment. See Melo v. Hafer, 912 F.2d 628, 635 (3d Cir. 1990).

[6] The District Court's supplemental jurisdiction extends to state law claims forming part of the same Article III case or controversy as Thomas's surviving federal claims, even if those state law claims were brought against defendants other than McCarty or Dr. Stanish. See 28 U.S.C. § 1367(a). We leave it to the District Court to determine (1) which state law claims fall within the scope of its supplemental jurisdiction, and (2) whether to exercise that jurisdiction on remand.

[7] We are not persuaded by the PHS defendants' argument that Thomas has waived any

9

action pro se." (Dist. Ct. Mem. entered March 12, 2012, at 6-7.) We agree with the District Court's assessment at that time, and find no abuse of discretion. See Tabron, 6 F.3d at 156 ("The plaintiff's ability to present his or her case is, of course, a significant factor that must be considered in determining whether to appoint counsel."). That said, the District Court indicated its willingness to revisit this issue in the future and, given Thomas's medical condition, may wish to do so on remand. We take no position on whether that request should be granted.

---

challenge to the District Court's denial of his request for appointment of counsel.